Wall v. Allen.

CHAS. F. WALL, *et al., v.* JOHN H. ALLEN, *et al.*

SURETIES UPON EXECUTORS' BOND. *Not liable for equitable assets.* Slaves, like real estate, devised by a testator to be sold by his executor to pay debts, were only equitable assets, and the executor takes them as such, with nothing more than a power to sell for the purpose of paying debts, the title passing to the devisees subject to this power of the executor. And in such cases the sureties of the executor are not responsible for the proper administration of the equitable assets thus coming into the hands of the executor.

Cases cited: Elliott and Wife *v.* Holder, 3 Head, 698; Hughlett *v.* Hughlett, 5 Hum., 453; Lester *v.* Vick, 2 Heisk., 476; Fulton *v.* Davidson, 3 Heisk, 628; Porter *v.* Moores, 4 Heisk., 16.

Code cited: §2247.

---

FROM FRANKLIN.

---

Appeal from the Chancery Court. W. S. FLEMING, Chancellor.

C. F. MILLER for Wall.

JESSE G. WALLACE for Allen.

NICHOLSON, C. J., delivered the opinion of the Court.

At the April Term, 1873, of the Chancery Court at Franklin, a decree was rendered in favor of various creditors of the estate of Lawson Allen against James C. Allen as executor, and his sureties on his bond as executor, for about $7,200, for that amount of the assets of the estate not accounted for by the executor.

Wall *v.* Allen.

From this decree Chas. F. Wall and Wm. A. Boyd, two of the sureties of James C. Allen, have appealed to this Court.

It appears that in December, 1861, Jas. C. Allen, as executor, sold a number of slaves belonging to the estate of Lawson Allen for about $10,000. The purchasers were the legatees under the will of Lawson Allen. Some of the · purchasers failed to execute notes, or if they did the executor has failed to produce or account for them.

The amount so unaccounted for, with interest, constitutes the sum of about $7,200, for which judgments were rendered against Jas. C. Allen and his sureties. It is insisted for the sureties, Wall and Boyd, who alone have appealed, that the decree against them is erroneous, for the reason that the proceeds of the sale of the slaves were not legal, but equitable assets in the hands of the executor, and, therefore, that they are not responsible on their bond for its loss or waste by the executor.

It appears that Lawson Allen died in 1861, and that in November, 1861, his will was regularly proven, and James C. Allen qualified as executor, giving the usual executor's bond, with Wall, Boyd, and others as his sureties.

By his will the testator, after making various specific bequests, directs that all the remainder of his property, both real and personal of every kind, not willed by him, be sold to the highest bidder, on a credit, ect., and that proceeds be equally divided among his children.

Wall *v.* Allen.

It is well settled in this State, that slaves, like real estate, were only equitable assets for the payment of debts, and that the title passed directly to the distributees, subject to the right of the personal representative to sell to pay debts under proper orders of Court.    Code, §2247; 3 Head, 698.

Since the case of *Hughlett* v. *Hughlett,* 5 Hum., 453, except during the time the Act of 1838 was in force, the uniform holding of the Court has been, that when a testator devises land or slaves to be sold by his executor to pay debts, the executor takes the land or slaves as equitable assets, with nothing more than a power to sell for the purpose of. paying debts, but that the title passes to the devisees, subject to this power of the executor.    And in such cases the decisions are uniform, that the sureties of the executor are not responsible for the proper administration of the equitable assets thus coming into the hands of the executor.    2 Heisk., 476; 3 Heisk., 628; 4 Heisk., 16.    It' follows, that the decree in the present case against the sureties of James C. Allen was erroneous, and must be reversed.

As this is conclusive of the case as presented on the appeal, we deem it unnecessary to notice other questions discussed in the arguments.

The costs of this Court will be paid by the appellees.